**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4704-16T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RAJAHN BROWN,

 Defendant-Appellant.

_____

> Submitted May 31, 2018 — Decided June 12, 2018
>
> Before Judges Haas and Rothstadt.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Essex County, Indictment Nos.
> 97-01-0277 and 97-06-2871.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Suzannah Brown, Designated
> Counsel, on the brief).
>
> Robert D. Laurino, Acting Essex County
> Prosecutor, attorney for respondent (Kayla
> Elizabeth Rowe, Special Deputy Attorney
> General/Acting Assistant Prosecutor, of
> counsel and on the brief).

PER CURIAM

Defendant appeals from the May 8, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After an Essex County grand jury returned two indictments charging defendant with a total of four drug-related offenses, he pled guilty to two counts of third-degree possession of cocaine with intent to distribute it, N.J.S.A. 2C:35-5(b)(3). On April 17, 1998, the trial court sentenced defendant to concurrent four-year terms on the two offenses. The remaining two charges were dismissed.

More than eighteen years later, on October 28, 2016, filed his petition for PCR. In his petition, defendant alleged that his plea attorney failed to advise him that if he committed federal offenses in the future, he would be subject to enhanced penalties because of his State convictions.

Following oral argument, Judge Marysol Rosero rendered a thorough oral opinion denying defendant's petition for PCR. The judge found that an evidentiary hearing was not required because there was no dispute as to any of the material facts underlying defendant's petition. In this regard, the judge accepted defendant's contention that his plea attorney did not tell him that if he continued to commit crimes, he would face enhanced punishment.

A-4704-16T1

Citing State v. Wilkerson, 321 N.J. Super. 219, 223 (App. Div. 1999), the judge held that defendant's plea counsel had no duty to give advice concerning the sentencing features of other state or federal laws. Thus, the judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that plea counsel's performance was deficient and that, but for deficient performance, the result would have been different.

In addition, Judge Rosero noted that Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable possibility that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" Because defendant's plea attorney was not required to advise him of the enhanced sentencing features of federal criminal law at the time of his plea to the State charges, the judge held that there would be no "fundamental injustice" in applying the five-year time bar to defendant's petition, which was filed more than thirteen years out of time. This appeal followed.

On appeal, defendant argues that the trial court erred by: (1) ruling that his petition was time-barred; and (2) denying the petition without an evidentiary hearing. We disagree.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. An attorney's representation is deficient when it [falls] below an objective standard of reasonableness.
>
> Second, a defendant must show that the deficient performance prejudiced the defense. A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a fair trial. The prejudice standard is met if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability simply means a probability sufficient to undermine confidence in the outcome of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted).]

A-4704-16T1

To set aside a guilty plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was 'not within the range of competence demanded of attorneys in criminal cases;' and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See R. 3:22-10; State v. Preciose, 129 N.J. 451, 462 (1992). We discern no abuse of discretion here.

Judge Rosero correctly relied upon our decision in Wilkerson, where we held there is "no constitutional requirement that a defense attorney must advise a client or defendant that if he or she commits future criminal offenses that there may be adverse consequences by way of enhancement of the penalty" in connection with a plea agreement. 321 N.J. Super. at 223. Instead, we noted that "generally individuals should be aware as a matter of common sense that a continuing course of antisocial or criminal conduct may lead to increased penalties." Ibid. Because defendant's plea attorney was therefore not ineffective for failing to provide this

A-4704-16T1

advice, defendant was unable to meet either of the Strickland prongs.

Although Judge Rosero denied defendant's petition on its merits, she also properly found it was time-barred under Rule 3:22-12(a)(1). Because defendant did not present a prima facie case of ineffective assistance, he is unable to demonstrate that applying the time bar would result in a "fundamental injustice."

Finally, an evidentiary hearing was not required under the circumstances presented in this case. Such a hearing is only required "when there are disputed issues of material facts related to the defendant's entitlement to PCR, particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge." Porter, 216 N.J. at 354. Here, there was no dispute as to any material fact relative to defendant's petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4704-16T1